UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD COUSINO,

    Plaintiff,                                    Hon. Janet T. Neff

v.                                                           Case No. 1:15-cv-907

TOWNSHIP OF MARSHALL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment, (ECF No. 33), and Defendant's Second Motion for Summary Judgment, (ECF No. 45). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motions each be **granted in part and denied without prejudice in part** and this matter **terminated**.

## BACKGROUND

The following allegations are contained in Plaintiff's Amended Complaint. (ECF No. 13). In 1982, Plaintiff formed a business named Auto Parts Co., in Marshall Township. In 1988, one of Plaintiff's neighbors began complaining to the Township about the amount of traffic associated with Plaintiff's business, as well as the many trailers and vehicles that were located on Plaintiff's property. The then-current Township Supervisor found no merit to these complaints. However, "around 1999," the Township elected a new Supervisor who instructed Plaintiff that he "had to remove all storage trailers on [his] property and stop running [his] machine shop." Plaintiff "refused to do so" at which

point the Township initiated legal proceedings against Plaintiff which resulted in a state court ordering Plaintiff to close his business. Plaintiff nevertheless continued to operate his business as a "hobby."

In 2009, the state court "gave permission to the township to come and do a search of my land." The day before this search was to take place, however, Plaintiff's "machine shop was mysteriously burned down." The "township with all its vendettas toward [Plaintiff] had something to do with it." The township refused to investigate this fire, "despite the presence of unknown tire tracks at the site." The search of Plaintiff's property was conducted the following day as scheduled. The search revealed the presence of "some tires." In July 2012, Plaintiff appeared in state court regarding the tires discovered during the 2009 search of his property and was ordered to spend 30 days in jail.

In December 2015, Plaintiff returned from vacation to discover that his residence "had been burgled in his absence." The burglars took "various items" including items that were essential to Plaintiff's prosecution of the present action. This burglary "was not merely coincidental," and while Plaintiff reported the matter to the Michigan State Police, Plaintiff "is aware of the complicity of the various law enforcement agencies within Michigan jurisdictions to help cover-up the abuses of authority of government officers at all levels."

Plaintiff initiated this action against the Township of Marshall alleging violations of his constitutional rights to due process, equal protection, freedom from unreasonable search and seizure, and not have property taken without just compensation. Plaintiff also alleges various state law causes of action. Plaintiff seeks 2.5 million dollars in damages as well as an order that the federal government investigate the criminal acts described in his complaint. Defendant, Township of Marshall, now moves to dismiss Plaintiff's claims and, in the alternative, for summary judgment.

## ANALYSIS

**I.        Municipal Liability**[1]

Plaintiff asserts this action pursuant to 42 U.S.C. § 1983 which provides, in relevant part, that "[e]very person who," under color of law, "subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. A municipality or other entity of local government may be held liable under § 1983 if "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Governmental entities, however, "are not vicariously liable under § 1983 for their employees' actions," but instead can only be held liable for "their own illegal acts." *Id.* To impose liability on a governmental entity, the plaintiff "must prove that action pursuant to official municipal policy caused their injury." *Id.* at 60-61. In this context, official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

To prevail on his claims against the Township, Plaintiff must establish the following: (1) a constitutional violation occurred, and (2) Defendant is responsible for that violation. *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004) (citation omitted). With respect to the second element, Plaintiff must "identify the policy, connect the policy to [Defendant] itself and show that the particular injury was incurred because of the execution of that policy." *Id.* at 383 (citation omitted). Plaintiff must establish the existence of "a direct causal link" between the policy and the alleged

---

[1] State governments and entities properly characterized as arms of the state are immune from suits for money damages under the Eleventh Amendment. *See Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003) (citation omitted). However, unlike state government, local governments, municipalities, and counties are considered "persons" within the meaning of § 1983 and "may be sued for constitutional deprivations." *Id.* (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)).

constitutional violation "such that [Defendant's] 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Id.* (citations omitted). Defendants argue both that Plaintiff's allegations fail to state a claim on which relief may be granted and, alternatively, that summary judgment is appropriate because Plaintiff has failed to present any evidence which would entitle him to prevail on his claims.

      A.      Failure to State a Claim

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim

>for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

A claim or action is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this context, frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

In his amended complaint, Plaintiff repeats the conclusion that Defendant, vis-a-vis its "corporate agents," engaged in "conspiratorial actions" to violate his rights through "arbitrary and malicious" conduct. Plaintiff fails, however, to identify any policy of the Township of Marshall that caused his alleged injuries. This failure is fatal to Plaintiff's claims. Accordingly, the undersigned recommends that Plaintiff's claims be dismissed for failure to state a claim on which relief may be granted.

B.  Summary Judgment

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the

non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

The parties have had ample opportunity for discovery and as Defendant correctly argues, Plaintiff has presented no evidence that there existed any policy of the Township of Marshall that caused his alleged injuries. While Plaintiff has advanced various allegations of wrongdoing against individuals employed by or associated with the Township, Plaintiff has chosen in this action to assert legal claims against the Township itself. As discussed above, this obligates Plaintiff to demonstrate that his alleged injuries were caused by a Township policy. Plaintiff has presented no evidence which, even if viewed in a light most favorable to Plaintiff, would enable a reasonable juror to rule in Plaintiff's favor. Accordingly, the undersigned recommends, in the alternative, that Defendant is entitled to summary judgment on Plaintiff's claims.

### II.        Statute of Limitations

Defendant has asserted several other grounds for relief. With the exception of Defendant's statute of limitations argument, the Court finds discussion of these alternative grounds for relief unnecessary.

Plaintiff's claims against Township of Marshall are asserted pursuant to 42 U.S.C. § 1983. Section § 1983 itself, however, contains no statute of limitations. *See, e.g., Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009). In such a circumstance, the Court must borrow the statute of limitations of the most analogous state law cause of action. *Id.* (because "Congress has failed to legislate a statute of limitations for § 1983 claims," the Court must "borrow and apply to all § 1983 claims the one most analogous state statute of limitations"). The Supreme Court has held that "[b]ecause § 1983 claims are

best characterized as personal injury actions. . .a State's personal injury statute of limitations should be applied to all § 1983 claims." *Owens v. Okure*, 488 U.S. 235, 240-41 (1989). Where the relevant state law provides multiple statutes of limitation for personal injury actions, courts are to apply the "general or residual statute for personal injury actions." *Okure*, 488 U.S. at 249-50; *Bonner*, 564 F.3d at 430. Michigan law articulates multiple statutes of limitation applicable to personal injury actions. *See* Mich. Comp. Laws § 600.5805. Accordingly, the limitations period applicable in the present action is three years, as articulated in Mich. Comp. Laws § 600.5805(10). *See Hardin v. Straub*, 490 U.S. 536, 540 (1989); *Jones v. City of Hamtramck*, 905 F.2d 908, 909 (6th Cir. 1990); *Jones v. City of Allen Park*, 167 Fed. Appx. 398, 407 (6th Cir., Jan. 3, 2006).[2]

While the Court looks to state law to identify the applicable statute of limitations, federal law must be applied when determining when the relevant limitations period begins to run. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *Hebron v. Shelby County Government*, 406 Fed. Appx. 28, 30 (6th Cir., Dec. 22, 2010). Under federal law, the statute of limitations begins to run "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Ohio Midland, Inc. v. Ohio Dept. of Transp.*, 286 Fed. Appx. 905, 911 (6th Cir., July 1, 2008). A plaintiff has reason to know of his injury when he "should have discovered it through the exercise of reasonable diligence." *Dotson v. Lane*, 360 Fed. Appx. 617, 619 n.2 (6th Cir., Jan. 5, 2010) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

Plaintiff initiated the present action on September 4, 2015. Thus, any claim regarding which the statute of limitations began to run prior to September 4, 2012, is untimely. With the exception of Plaintiff's conclusion that the December 2015 burglary of his residence was "not merely accidental,"

---

[2] The *Hardin* and *City of Hamtramck* courts identified the relevant provision as Mich. Comp. Laws § 600.5805(8). This particular provision is presently codified at Mich. Comp. Laws § 600.5805(10).

Plaintiff's claims all arose prior to September 4, 2012. Accordingly, save any claims regarding the aforementioned December 2015 incident, the undersigned recommends, in the alternative, that Plaintiff's claims be dismissed as untimely.[3]

**III.      State Law Claims**

Plaintiff also asserts numerous state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state law claims and instead dismiss such without prejudice so that Plaintiff may pursue such in the appropriate state forum.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 33), be **granted in part and denied without prejudice in part**; <u>Defendant's Second Motion for Summary Judgment</u>, (ECF No. 45), be **granted in part and denied without prejudice in part** and this matter **terminated**.

---

[3] Any claims arising out of the December 2015 incident are subject to dismissal for the reasons discussed in the preceding section.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 7, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge